## STATE v. DOMINIC STIEL.[1]

January 4, 1924.

No. 23,767.

**Conviction for sale of intoxicating liquor sustained.**
1. The evidence sustains the verdict finding that the defendant Stiel sold intoxicating liquor as alleged in the indictment.

**Charge correct.**
2. The charge did not put the defendant to the proof beyond a reasonable doubt, or at all, of the alibi he claimed.

[1]Reported in 196 N. W. 490.

Defendant was charged upon information of the county attorney of Meeker county with the offense of selling intoxicating liquor, tried in the district court for that county before Qvale, J., and a jury which found him guilty. From an order denying his motion for a new trial and from the judgment sentencing him to 60 days in the county jail and to a fine of $200, plaintiff appealed. Affirmed.

*L. K. Sexton,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Raymond H. Dart,* County Attorney, for respondent.

DIBELL, J.

The defendant Stiel was convicted of selling intoxicating liquor on April 28, 1923, to one Walter Carlson, and appeals from the judgment.

1. The evidence sustains the conviction. The witness Anderson was with Carlson at the time of the purchase claimed. He testifies to the purchase and identifies the defendant. To some slight extent his testimony is corroborated. The sale, if made, was early in the morning, about one or two o'clock. The defendant claims that his place of business was closed at 11 o'clock of the night previous, and that he went home and stayed there. He lived some miles out in the country. So far as appears from the record, he presents a strong alibi. The credibility of himself and of his witnesses was for the jury. From the memorandum of the trial judge it appears that he distrusted some of the alibi testimony. He approves the verdict. We should not interfere with it because of the claimed insufficiency of the evidence.

2. On the claim of alibi the court charges:

"Now, if Mr. Stiel, the defendant, was not in Eden Valley at this time, as he says he was not, of course he could not have committed this offense. He sets up [the] defence [of] an alibi, that is, that he was elsewhere at the time the offense was committed. If he was elsewhere, he was not there, and of course he didn't commit that offense. It is for you to say whether he was there and whether he aided in selling this as depicted by the evidence and described by

the evidence here, or not. Has that been proven to you beyond a reasonable doubt? If it has, it is your duty to convict; if it has not, it is your duty to acquit the defendant."

The defendant claims that the effect of the charge was to put him to the proof beyond a reasonable doubt of the truth of his alibi. No construction, however strained, can make it so. The effect of the charge was to put fairly before the jury the necessity of proving the defendant's guilt beyond a reasonable doubt. There was no suggestion that the defendant must prove his alibi.

Carlson and Anderson left Eden Valley in the early morning, Carlson driving the auto. He drove it into a highway ditch, it upset and burned, and he was so injured that he died in the afternoon. Considerable evidence was given as to the circumstances attending the accident and what followed. To most of it there was no objection. For a limited purpose the testimony was competent. It might well enough have been shortened. In the state of the record we find no reversible error in its reception.

The error claimed in the instruction upon reasonable doubt is without merit and calls for no discussion.

Judgment affirmed.